OPINION
Steven Brigner appeals from his conviction in the Miami County Common Pleas Court of Corruption of a Minor.
Brigner was originally charged with Rape, but he entered anAlford plea to an amended indictment charging him with Corruption of a Minor. The plea was entered on September 15, 1998. On September 23, 1998, the trial court set the matter for sentencing and a sexual predator hearing for January 4, 1999.
On January 4, 1999, the defendant appeared in open court with new counsel and the following occurred in open court:
 MR. BENNETT: Your Honor, if the Court please, I have just handed Mrs. Smith a copy of the presentence investigation in this case and would ask the Court to give that consideration, uh, in making a determination pursuant to 2950. Further it's my understanding that the defense at the time of the plea was going to obtain a psychological, I don't know if that's been done, I haven't seen any, so I reserve any right to objection on that particular issue. And other than that Judge I have nothing in addition to offer.
 THE COURT: Thank you. I haven't been provided with any type of a psychological report.
 Mr. Lopez does the Defendant wish to produce anything on the 2950 hearing?
 MR. LOPEZ: Uh, may it please the Court, I feel a little bit awkward because quite frankly I just met Mr. Brigner ten minutes ago out in the hall. Uh, I received a phone call Friday afternoon from Mr. Arntz who I guess called me because I was scheduled for a one-thirty hearing, um, and he indicated to me that he had been caught up in a hearing down in Dayton and wasn't going to be able to be here and asked if I could come at one-thirty or at one instead of one-thirty. Um, Mr. Brigner indicates to me that he's provided to Mr. Arntz, I noticed in the PSI it indicates he refused to give a statement of facts, he indicates to me that he in fact provided that to Mr. Arntz and it's not gotten to the Court. Uh, I gotta tell you, Judge, I'm a little bit uncomfortable simply because I'm concerned I can't adequately represent him today. Uh, he indicates to me certain things have been done with his lawyer. I'm clearly in no position to affirm them or deny them, um —
 THE COURT: Well, you know, the fact of the matter is, uh, Mr. Arntz never asked me to contact Judge Brown to see if he could get out for this sentencing and the sentencing has been set since September 15th, 1998, an inordinately long PSI time. It was done for Mr. Arntz's and Mr. Brigner's benefit so when Mr. Arntz backs out at the last minute, uh, that's a problem between he and his attorney. It's not going to involve me.
MR. LOPEZ: I'm simply —
 THE COURT: I'm proceeding. This thing has been set for four months and I don't think I should have to continue it cause Mr. Arntz wants to go somewhere else and try a case. No one asked me to talk to Judge Brown to see if he couldn't get off for half an hour this afternoon or one hour or whatever. Is there anything else, just on the 2950 hearing, that you'd like to bring to the Court's attention?
MR. LOPEZ: No sir.
 THE COURT: Okay. I've looked at the presentence investigation and considering the statutory factors in this case, Mr. Brigner, I'll determine that you are not a sexual predator, I'll determine that you are not an habitual sex offender, I'll determine that you are a sexually oriented offender because this is a sexually oriented offense which we talked about the last time. Now what that means is you're required to register in person with the sheriff of the county in which you establish residency, within seven days after coming into that county. After the date of the initial registration you're required to periodically verify your residence address in person at the county sheriff's office and that would be once a year, I guess, for a period of ten years, annual residence verification. Uh, let's see, failure to do so could result in charges, criminal charges being filed against you, okay. Um, so I indicated this to you on the record and Mr. Lopez if you could step forward and I need his signature here then I'll give him a copy of this back indicating that I, that's the finding that I made. Thank you. Let's see, yellow. Mrs. Smith would you give that to Mr. Brigner please? That's his copy.
 Now, Mr. Lopez, is there any legal reason why we cannot proceed to sentencing in this case?
MR. LOPEZ: No your Honor.
 THE COURT: Is there anything you'd like to indicate on Mr. Brigner's behalf before we proceed to sentencing?
 MR. LOPEZ: Other than what I have previously indicated in terms of looking at the PSI and I noticed it indicated that he hadn't provided his version and he indicates he has to his attorney. Other than that the other items that I've gone over with my client that were in the PSI, uh, I don't think he has any quarrel with their accuracy.
 THE COURT: Thank you. Mr. Brigner is there anything you'd like to indicate to me? Maybe your version of the events in this case.
MR. BRIGNER: Yes sir. Um —
THE COURT: Okay.
 MR. BRIGNER: On the lines of the not having a statement thing, uh, when I, when you told me to go there one day, uh, Mr. Arntz told me that all I was supposed to say was that Alfredo plea or whatever —
THE COURT: Alford.
MR. BRIGNER: Alford plea.
THE COURT: Yes.
 MR. BRIGNER: And he told me that that's all I had to say and not to say anything else. But to let you know what happened, um, the way I look at it is, uh, like I pleaded before, there was no penetration whatsoever, you know, it was my fault for being in the situation I put myself into. Uh, basically I sat myself up for whatever came my way. I can't deny that. I know in the past that I've given you guys a pretty heck of a time. I showed you guys that, you know, being a punk kid and stuff like that. But here recently I attended college, uh, I'm working, I'm about to take on a second job, uh, I no longer live in your county. I haven't been, I haven't came to your county for, to visit anybody. I've cut all ties. I'm trying to start over, going to church. The thing with the counseling thing, my mother lost her job a couple weeks after you asked me to get counseling so I lost my insurance through her and I've been, I got a couple jobs on the side but they didn't have insurance and I just now got one that has insurance and my therapist I was talking with, I can't afford it on my own. I'm somewhat on my own. I can't afford my, you know, rent, uh, utility, my car insurance and everything else, my food and, I mean I really do want to get counseling and I know how, like I said before I how, I know you're tired of seeing my face, I'd be tired of seeing my face too but in this situation all I do is ask for a little bit of mercy. I've grown up. I'm no longer a punk kid. I don't walk around talking like, you know, I'm a little hoodlum. I don't dress like it I don't think. Uh, I pretty much kinda changed my life. I'd like to get on with it. I plan on getting married sometime maybe soon and a possibility of a child being in my life and I'd really hate for my child to be born in jail. I'd really hate for that.
At the conclusion of the defendant's statement, the court noted it had considered the statements of counsel, the pre-sentence investigation, and the "seriousness and recidivism factors involved in the case." The court noted that the crime was a sexually oriented offense, that the defendant had previously served a term in prison, and that the victim suffered psychological harm. The court found that the defendant was not amenable to a community control sentence and sentenced the defendant to sixteen months in prison.
In his sole assignment appellant contends he was denied the effective assistance of counsel and due process rights as guaranteed by the U.S. and Ohio Constitutions., Appellant contends the record demonstrates that Mr. Lopez was unprepared to represent him at his sentencing. Appellant contends his counsel, Matthew Arntz, intended to address a number of matters associated with the case which were outside Mr. Lopez's knowledge. He refers to a certain affidavit which is not a part of this appellate record. He contends he was denied the effective assistance of counsel when counsel was denied the opportunity to comment on the contents of the presentence report. Appellant contends he was denied effective assistance of counsel at the sexual predator hearing.
In order to prevail on a claim of ineffective assistance of counsel, the defendant is required to meet the two prong standard of Strickland v. Washington (1984), 466 U.S. 668. The Strickland
requirement mandates a showing that there is: 1) deficient performance, "error so serious that counsel is not functioning as counsel as guaranteed the defendant by the Sixth Amendment."; and 2) prejudice, "errors . . . so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. TheStrickland court further held that: "The Defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693.
The record demonstrates that Mr. Lopez had an opportunity to review the presentence report and discuss the contents of it with the defendant before sentencing. (Tr. 6). Mr. Lopez, who is a highly experienced defense attorney, informed the court he knew of no legal reason why the court could not proceed to sentence the defendant. (Tr. 67).
The presentence report revealed that the defendant had an extensive juvenile delinquency record. He was committed to a juvenile facility on a number of occasions. The report contains the statement of the fourteen year old victim who informed the court that "she and her mother have participated in weekly psychological counseling since September 1998 and she is now "learning to cope."
The trial court clearly did not abuse its discretion in sentencing the defendant to the maximum sentence in light of the factors provided in R.C. 2929.12. There is no reasonable probability based on this appellate record that, but for counsel's alleged errors, the result of the proceedings would have been different. Strickland v. Washington, Id., 693. Also we have found no evidence that appellant's due process rights were violated by the trial court's action.
Pursuant to R.C. 2905.01(B)(2)(a), the defendant's guilty plea to Corruption of a Minor made him a "sexually oriented" offender, the lowest classification of sexual offender. The defendant was not determined to be a sexual predator or habitual sexual offender., Appellant has made reference several times in his brief to an "affidavit" which is not a part of this appellate record. It is fundamental we cannot consider material which was not before the trial court. Accordingly, the appellant's assignment of error is overruled.
The judgment of the trial court is Affirmed.
FAIN, J., and KERNS, J., concur.
(Honorable Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Anthony E. Kendell
Matthew Ryan Arntz
Hon. Robert Lindeman